**308** Universal Steel Export Co., Inc., *v.* Taylor Co., Inc.

First Department, March, 1924. [Vol. 208

---

Universal Steel Export Co., Inc., Respondent, *v.* N. & G. Taylor Company, Incorporated, Appellant.

First Department, March 7, 1924.

Sales — action by buyer to recover for breach of contract — verdict in favor of plaintiff on first two causes of action not against evidence — contract required deliveries to be made on or about a certain date — damages — evidence of market value should be confined to date of required delivery — no evidence of market value at that time — error for court to refuse to charge that there was no evidence of market value at time of required delivery and that recovery cannot be had in absence of evidence and that recovery can be had only for difference between contract price and market price on date of delivery.

In an action by a buyer to recover damages for breach of certain contracts for the purchase and sale of tin plate, the verdict of the jury in favor of the plaintiff on the first two causes of action is not against the weight of the evidence.

Where a contract of sale provides for delivery on or about a certain date, the damages which the buyer may recover for failure to deliver must be determined

by the difference between the contract price and the market price on the date of required delivery, and recovery cannot be had where the evidence relating to market price refers to another time, and, therefore, it was error for the court to refuse to charge that there was no proof of market price on the date set for delivery and that without such proof no recovery could be had, and to refuse to charge further that the plaintiff could recover only the difference between the contract price and the market price on the date set for delivery.

SMITH, J., dissents in part, with opinion.

APPEAL by the defendant, N. & G. Taylor Company, Incorporated, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of February, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of February, 1923, denying the defendant's motion for a new trial made upon the minutes as resettled by an order entered in said clerk's office on the 14th day of February, 1923.

*Spencer, Ordway & Wierum* [*Samuel H. Ordway* of counsel], for the appellant.

*Edgar J. Treacy* [*John A. Bolles* of counsel; *Rolland R. Rasquin* with him on the brief], for the respondent.

CLARKE, P. J.:

This action is to recover damages for breach of certain contracts for the purchase and sale of tin plate. The complaint alleges three causes of action, each predicated upon a separate contract. The contracts sued upon in the first and second causes of action concededly were entered into and partial deliveries were made under the first one. The defendant contended that the plaintiff was in default in furnishing specifications and certain permits; that plaintiff received all the goods it reasonably was entitled to under existing business conditions and that plaintiff was entitled to certain credits in paying for the goods. These questions were all passed upon by the jury as questions of fact, and it cannot be said that the verdict was against the weight of the evidence.

The third cause of action alleged a contract dated September 3, 1919, whereby the defendant sold to the plaintiff 25,000 boxes of tin plate at seven dollars a box f. o. b. Pittsburgh, and the complaint alleged that deliveries were to be made on or about December 31, 1919. No deliveries were made under this contract, and there was a sharp issue as to whether the same was not canceled by the plaintiff. We do not pass upon this point since there must be a new trial on this cause of action for failure of proof as to the amount of damages.

The complaint alleged a contract whereby deliveries were to be made on or about December 31, 1919. The plaintiff, however,

introduced evidence of market value from July 15 to August 7, 1920. While there was testimony from which the jury might have found that there was an extension of time for delivery under the contract, no such modification of the contract was pleaded, and no motion was made to amend the pleading to conform to the proof. Plaintiff furnished no proof of any market value during the month of December, 1919. The plaintiff claims damages made up of the difference between the contract price of $7.50, it being conceded that fifty cents a box should be added to the f. o. b. price of $7 to cover freight, and the market price of $12, which was what its witnesses testified the market price was between July 15 and August 7, 1920. At this rate the plaintiff's damage would have been $112,500, but as it claimed only $53,500 in the complaint it was limited to this amount, which the jury gave in full. It claims to have shown the market value on January 3, 1920, of $8.50 a box upon which the calculation of the damages would have been at $25,000, and the market value on January twentieth of $9 a box, which would have made the damages $37,500. Neither of these prices would have justified the claim made nor the verdict rendered, and neither of them nor the price which they now claim and which the jury evidently accepted of $12 a box, could have been recovered under the pleading as it stood without amendment.

The defendant asked the court to charge: " That there is no proof of any market price of tin plate at any place on the 31st day of December, 1919, and that without such proof no recovery can be had on the alleged cause of action, being on the alleged contract of September 3, 1919."

It also asked: " That under the pleadings the plaintiff can recover on the alleged third cause of action, being the alleged contract of September 3, 1919, only the difference between the contract price and the market value on the 31st day of December, 1919." Both these requests were refused.

It seems to me that the defendant was entitled to have these requests charged and that refusal thereof was reversible error.

The judgment appealed from should be affirmed as to the first two causes of action, and in other respects reversed, and a severance should be had as to the third cause of action, and a new trial thereof ordered, with costs to the appellant to abide the event.

MERRILL and FINCH, JJ., concur; SMITH J., dissents in part.

SMITH, J. (dissenting in part):

The statement of facts is substantially as set out in the opinion of the presiding justice.

The contract between the plaintiff and the defendant for the

25,000 boxes of tin plate was dated September 3, 1919, and called for shipment in from eight to ten weeks. This would make the date of shipment between October 29 and November 12, 1919. In its complaint the plaintiff alleges that this contract was to be completed by delivery f. o. b. cars on *or about* the 31st day of December, 1919, not " on or before." The plaintiff proved that it requested delivery under this contract several times before this date, but was told by the defendant that it would have to wait. On November 23, 1919, the plaintiff's president requested delivery under this contract of September third, and was told by the defendant that it could not make promise of shipment then because of delay in getting shipments from the mills with which it had placed orders, and that he would have to wait. The plaintiff's evidence as to these conversations was received without objection by the defendant. On the 23d of November, 1919, the plaintiff made the contract with the defendant, which is set out in the first cause of action in the complaint at the increased price of eight dollars. Thereafter, and until the 31st of December, 1919, the plaintiff's president several times asked for delivery under the September third contract and was told that he must wait. On the second day of January he had a telephone conversation with the defendant, in which he again asked for delivery under the September third contract and was told that the defendant expected to make delivery from a contract they had with the Washington Sheet and Tin Plate Company; but as the plaintiff needed tin plate for delivery to its customers, it ordered 10,000 base boxes of tin plate at eight dollars and fifty cents and confirmed the order by telegram of January third. The plaintiff's president testified that several times he made requests after January third for delivery under the September third contract, and was told by the defendant that he would have to wait until it could get delivery. At no time did the defendant object to this testimony which it is claimed showed an extension of the time of delivery under the September third contract beyond the 31st day of December, 1919. At the end of the plaintiff's case the defendant moved for a dismissal of the complaint, and did not raise the question as to the proof of damage, simply relying on the failure of the plaintiff to give shipping directions and some proof that the plaintiff had abandoned this contract. At the end of the trial the plaintiff renewed its motion upon the grounds stated at the end of the plaintiff's case, and nowhere definitely raises the question of the failure of proof of damages. When the question of interest came up at the trial, the plaintiff's attorney said: " So that there may not be any error in the record, I observe that the complaint does not make a demand for interest from a specific date. I ask that I be permitted

**312** Universal Steel Export Co., Inc.; *v.* Taylor Co., Inc.

First Department, March, 1924. [Vol. 208

to insert ' with interest thereon from the 7th day of August, 1920,' following the stating of the amount $94,100," and the court allowed that amendment. Then ensued the following colloquy: " Mr. Spencer: With reference to the third cause of action, the allegations are that delivery was to be made by the 31st day of December, 1919, and specifications were given by the plaintiff to the defendant between the 3rd day of September, 1919, and the 31st day of September [meaning December], 1919, and that the damage is based upon the latter date, so that the interest logically would be from that date, the 31st day of December, 1919. The Court: You are right. He would not be entitled to interest until there was a breach, if there were a breach of contract. Mr. Bolles: I am asking it from the August following that, that is, following December 31st, 1919, the date counsel is referring to. The Court: There can be no interest until they find the date of the breach, if they find there was a breach, by either of the parties here. I will take care of that in my charge."

After the trial judge had charged the jury, the defendant's counsel requested the court to charge as stated in the opinion of Presiding Justice Clarke.

The learned presiding justice has written for reversal as to the third cause of action upon two grounds: *First,* that the court refused to charge: " That there is no proof of any market price of tin plate at any place on the 31st day of December, 1919, and that without such proof no recovery can be had on the alleged cause of action, being on the alleged contract of September 3, 1919." In my judgment this request was properly refused. There was evidence of a sale between the very parties to this action upon November twenty-third at eight dollars per ton, and upon January second following at eight dollars and fifty cents per ton.

In *People ex rel. Batt* v. *Rushford* (81 App. Div. 301) it is said that evidence of the actual price paid on *bona fide* sales is some evidence of value. It is further said: " It was said in *Parmenter* v. *Fitzpatrick* (135 N.Y. 190): ' In the ordinary case of purchase and sale of property the fact that the purchaser and seller have met and agreed upon a price, and actually bought and sold the property at that price, ought to be in the nature of things some evidence of the value of that property which has thus changed hands in a *bona fide* transaction.' "

That the evidence of an actual sale between the parties to an action is evidence of market value is shown conclusively by the authorities. In 26 Cyc. 819, it is said: " The price fixed by buyer and seller in an open market in the usual and ordinary course of lawful trade or competition; the price or value of the article established or shown by sales, public or private, in the ordinary way of

business   *   *   *'' are evidence of market value.   The case of *Parmenter* v. *Fitzpatrick* (135 N. Y. 190), above cited, has been applied in many cases in this State.   (See 13 N. Y. Ann. Dig. 602, n. 95.) It is not merely the question of a sale between third parties, but a sale between the very parties to the action, which is the strongest evidence unexplained of the market value upon the dates of those sales.   There was a rising market, and proof of this sale made upon January second is sufficient evidence of a market value *on or about* December thirty-first, the intervening day being Sunday.

The second ground which the learned presiding justice has assigned is the refusal to charge: " That under the pleadings the plaintiff can recover on the alleged third cause of action, being the alleged contract of September 3, 1919, only the difference between the contract price and the market value on the 31st day of December, 1919."   The court, however, charged that the plaintiff could recover upon this cause of action as of the time when the contract was breached, and the amount of recovery was to be measured by the market value at that time.

To my mind it is unnecessary to discuss the question of pleading because there is no proof whatever of any extension of time given by the plaintiff to the defendant for the delivery of this tin plate under the contract of September third.   The plaintiff had several times demanded the delivery under that contract, and varying excuses were offered, and yet he at no time agreed to wait and could have brought his action at any time thereafter.   It is assumed by the parties here that the breach, if found, was on the 31st of December, 1919.   If I am right in construing the evidence as to the sale between the parties as of January 2, 1920, as some proof of the market value at that time, there being no other proof, the plaintiff was entitled to recover the difference between the contract price and the market value as of said thirty-first day of December. Upon the proof furnished by this sale between these parties that the market value was $1.50 more a base box, the damages would have been $37,500 upon this cause of action, with interest from the 31st day of December, 1919, and the judgment should be reduced accordingly.

Nor is this a case in which the defendant has any appeal to the conscience of the court.   That this contract was made upon September third is admitted.   That it was never performed is admitted. The main defense was that it had been abandoned.   But, with a rising market and a valid contract worth many thousand dollars to the plaintiff, the probability of an intentional abandonment of the contract is extremely remote.   It is true that the plaintiff made other contracts at higher prices with the defendant for the delivery

of the same class of material, while this contract remained unperformed; but the plaintiff needed the material and could get it only by making these further contracts at increased prices; and there is not one word of evidence that these further contracts at enhanced prices were made in consideration of the abandonment of the contract of September third.

I recommend a modification of the judgment in accordance herewith if plaintiff will so stipulate and for an affirmance as so modified.

Judgment affirmed as to first two causes of action, and in other respects reversed, and action severed and new trial ordered of third cause of action, with costs to the appellant to abide the event. Settle order on notice.