**388**  UNIVERSAL STEEL EXPORT CO., INC., *v.* TAYLOR CO., INC.

First Department, March, 1925.                    [Vol. 212

---

UNIVERSAL STEEL EXPORT CO., INC., Appellant, *v.* N. & G. TAYLOR COMPANY, INCORPORATED, Respondent.

First Department, March 20, 1925.

Trial — new trial — action for breach of contracts — judgment in favor of plaintiff affirmed — new evidence that sales manager of defendant was interested in plaintiff and acted in collusion with it in reference to contract justified new trial if shown by affidavits of credible persons — new trial will not be granted where person making principal affidavit did so for bribe.

A new trial may be granted on the ground of newly-discovered evidence in an action for breach of contracts wherein a judgment in favor of the plaintiff has been affirmed, where the new evidence on which the motion for a new trial is based 's to the effect that the defendant's sales manager, who had nearly complete control of the negotiations resulting in the contracts in question, was interested in the plaintiff's business, derived a profit therefrom, and acted in collusion with the plaintiff in making the contracts to the detriment of the defendant. A new trial should be granted under such circumstances, where the affidavits supporting the motion are made by reasonably credible persons and where it appears that the defendant had no knowledge of the facts prior to the earlier trial and proceeded diligently in endeavoring to ascertain its defenses but was unable through inherent difficulties to discover the alleged new evidence.

However, a new trial should not be granted in this case, since it appears that the person making the principal affidavit relating to the fraud of the defendant's sales manager did so as the result of an agreement between him and another interested in the defendant to the effect that if the defendant were successful on the new trial, the person with whom the affiant made the agreement would buy from the affiant his stock in the plaintiff corporation then in the hands of a receiver.

MERRELL, J., dissents.

APPEAL by the plaintiff, Universal Steel Export Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 29th day of January, 1925, vacating and setting aside a judgment in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1924, as affirmed by the Court of Appeals, and granting the defendant a new trial of the first two causes of action set forth in the complaint on the ground of alleged newly-discovered evidence and granting the defendant leave to serve and file an amended answer.

*Herman Goldman* [*John A. Bolles* of counsel; *Max A. Geller* and *Jacob Grumet* with him on the brief], for the appellant.

*Spencer, Ordway & Wierum* [*Samuel H. Ordway* of counsel], for the respondent.

McAvoy, J.:

On the trial heretofore had the jury found a verdict in favor of the plaintiff on three causes of action which were set forth in the complaint for the full amount of damages claimed by the plaintiff, aggregating $108,224.20, and upon the judgment entered thereon defendant appealed to the Appellate Division.

On that appeal the Appellate Division affirmed the judgment appealed from as to the first two causes of action, and reversed the judgment as to the third cause of action and directed that the action be severed, and ordered a new trial of the third cause of action. (*Universal Steel Export Co., Inc.,* v. *Taylor Co., Inc.,* 208 App. Div. 308.)

The judgment of the Appellate Division reduced the judgment appealed from to the sum of $46,645.87.

On an appeal to the Court of Appeals that court affirmed, without opinion, the judgment so far as appealed from, as entered on the order of the Appellate Division. (239 N. Y. 594.)

The newly-discovered evidence upon which a new trial is sought purports to show that one Somers, who was defendant's sales manager and who had the almost complete conduct of the negotiations looking to the contracts and their execution for breach of which the suit was brought, was interested in plaintiff's business and derived profit to the extent of one-third of the net receipts of the business under an agreement that Somers was to favor the plaintiff against defendant in their dealings without the knowledge of his employer, the defendant.

Doubtless such a showing if made through the affidavits of reasonably credible persons would be a ground upon which a new trial ought to be directed if the party seeking it had no knowledge of the facts prior to the earlier trial and proceeded diligently in endeavoring to ascertain his defenses and was unable through inherent difficulty to discover the one now sought to be set up and proven.

Our determination to reverse this order granting the relief sought, however, is based upon the method of procurement of the evidence now sought to be presented on a new trial.

The defendant's version of the incident is substantially as follows: When one Justice, a representative of defendant, learned that it might be possible to prove that Somers was interested in the plaintiff's business and receiving a share of its profits during the time of its dealings with the defendant, he interviewed Bergmann, who makes the main affidavit exposing the alleged plot, who told him that the information that Justice had received was true. Justice then asked Bergmann to help him to secure evidence and to make an affidavit setting out the details in regard to the matter. Bergmann told Justice that he owned 500 shares of the plaintiff's stock, and that if the plaintiff recovered a large judgment against the defendant there might be money enough left over after paying off the claims in the hands of the plaintiff's receiver to make his stock valuable, and he thought that if he was to help the defendant, the defendant ought to buy his stock. After some further investigation of the facts, Justice, on behalf of the defendant, agreed to buy Bergmann's stock and to pay $1,000 down therefor, and to pay $4,000 more if a new trial should be granted and judgment finally rendered in favor of the defendant, or a smaller amount if the defendant should be partially successful.

This is confessedly the manner in which Bergmann's affidavit was procured. The affidavits of the others were apparently the result of Bergmann's efforts. It cannot be denied that to give approval to a method of procurement of evidence such as is here indicated would be subversive of the finality with which judgments must be surrounded. The very nature of the proof offered here is necessarily tainted with a proffer of a bribe for evidence to be supplied by a former associate of plaintiff, payment for which is partly contingent on success.

We do not think that a judgment had after a trial, which has been affirmed on·successive appeals, should be so readily avoided.

The order in so far as it vacates the judgments entered and grants a new trial as to the first and second causes of action should be reversed, with ten dollars costs and disbursements, and the motion denied; and to the extent that it grants leave to amend the answer the order should be modified by providing that leave to amend be granted only in so far as it affects the third cause of action, retrial of which has been ordered, upon payment by appellant of costs before trial and a trial fee, and as so modified affirmed.

Dowling and Burr, JJ., concur; Merrell, J., dissents.

Order so far as it vacates the judgments entered and grants a new trial as to the first and second causes of action reversed, with ten dollars costs and disbursements, and the motion denied; to the extent that it grants leave to amend the answer, order modified by providing that leave to amend be granted only in so far as it affects the third cause of action, upon payment of costs before trial and a trial fee, and as so modified affirmed.